# EXHIBIT A

03/29/18  07:26:21  (925) 659-0192  ->          AT&T/USAA         Page 005
03/28/18  07:24:29  (925) 659-0192  ->          AT&T/USAA         Page 005
USAA0327189900044830000132

| STATEMENT OF DAMAGES G.L. c. 218, § 19A (a) | Docket No.: 1854 CV 00174 Division: Dedham District Court | Trial Court of Massachusetts District Court Department |
|---|---|---|
| Plaintiff(s) DONALD L BROWN | | Defendant(s) USAA FEDERAL BANK |

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

### TORT CLAIMS | AMOUNT

A. Documented medical expenses to date:
   1. Total hospital expenses: $_____
   2. Total doctor expenses: $_____
   3. Total chiropractic expenses: $_____
   4. Total physical therapy expenses: $_____
   5. Total other expenses (Describe): 15,000.00   $ 15,000.00
   PENALTIES FOR VIOLATING FFDCA, MFDCA AND FFCRA

B. **SUBTOTAL for lines 1-5 above:** $ 15,000.00
C. Documented lost wages and compensation to date: $_____
D. Documented property damages to date: $_____
E. Reasonable anticipated future medical and hospital expenses: $_____
F. Reasonably anticipated lost wages: $_____
G. Other documented items of damage (Describe): $_____

For this form, disregard double or treble damage claims, indicate single damages only.

**TOTAL TORT CLAIMS for lines B-G above:** $ 15,000.00

H. Brief description of Plaintiff's injury, including nature and extent of injury (Describe): PLAINTIFF HAD TO PAY SIGNIFICANTLU HIGHER INTERST RATES DUE TO THE DEROGATORYY CREDIT REPORTING OF THE DEFENDANT ALSO PLAINTIFF WAS HUMILIATED AND EMBARRASSED BY THE DEFENDANTS WRONGFUL TREATMENT OF HIM

### CONTRACT CLAIMS | AMOUNT

Provide a detailed description of claim(s): DEFENDNAT VIOLATED THE COVENANT OF GOOD FAITH AND FAIR DEALING INHERENT IN EVERY CONTRACTED AND DEFENDANT BREACHED THE CONTRACRT

$ 5000.00

For this form, disregard double or treble damage claims; indicate single damages only.

**TOTAL CONTRACT CLAIMS:** $ 5000.00

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):
Signature: /s/
Type Name: DONALD L BROW
Address: 95 UNIV AVE 2131 WESTWOOD MA 02090
Phone: 781 708 9654
B.B.O.#: _____
Date: MARCH 15 2018

DEFENDANT'S NAME AND ADDRESS & PHONE:
USAA FEDERAL BANK
9800 FREDERICKSBURG ROAD
SAN ANTONIO, TX 78288

08/06

03/29/18  07:27:46  (925) 659-0192  ->        AT&T/USAA         Page 006
03/28/18  07:26:01  (925) 659-0192  ->        AT&T/USAA         Page 006
USAA032718399004406 00133

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK COUNTY**
**DISTRICT COURT**                               **CIVIL ACTION NO: 1854CV00172**

**DONALD L. BROWN**                    )
    Plaintiff                         )
Vs.                                    )
                                       )
**USSA FEDERAL SAVINGS BANK**          )
    Defendants                        )

## COMPLAINT

## VENUE

1. The court has subject matter jurisdiction over this action under the Mass R. of C.P. whereas this is an action for damages less than $25,000. Additionally, the Plaintiff is a resident of Westwood, Norfolk County and the Defendants all do business within Norfolk County in the Commonwealth of Massachusetts.

2. The court has personal jurisdiction over the both the Plaintiff and the Defendant in this action as the Plaintiff lives in Westwood, Norfolk County and the Defendant regularly conduct business within Norfolk County and within the Commonwealth of Massachusetts.

3. Venue is proper in this court pursuant to Massachusetts R. of C. P. because the action involves claims or events and omissions which occurred in Westwood, Norfolk County in the Commonwealth Massachusetts.

### THE PARTIES

4. The plaintiff, Donald L. Brown (Hereinafter "Brown") is an individual residing at 95 University Avenue, Apr 2131 Westwood, Norfolk County in the Commonwealth of Massachusetts.

5. Defendant, USSA Federal Savings Bank (Hereinafter "USAA") on information and belief, is National Banking Conglomerate which provides credit to consumers within Norfolk County in the Commonwealth of Massachusetts, and has an office at 9800 Fredericksburg Road, San Antonio, TX 78288.

## GENERAL FACTS

6. Plaintiff opened a credit card account (Last Four 8012) on November 25, 2011.
7. In March of 2012 the account number was used without the card to order significant products from a retailer.
8. The defendant called the plaintiff and asked if he was the one who had used the card for those purchases
9. The plaintiff had never used the card at that retailer.
10. The defendant then issued a second account and a new credit card to the plaintiff (Last four 1420) and cancelled the first account.
11. The defendant continued to honor charges against the new credit card number. The fraudulent charges that were allowed by the defendant were to the very same retailer.
12. Because of the confusion the defendant issued the plaintiff a third credit account (Last four 3574), cancelling the second account.
13. Plaintiff was wrongfully charged several; over limit charges and late payment charges due to the confusion.
14. The Plaintiff did not owe for any late charges or over limit charges due to the defendant's confusion caused by the defendant.
15. On May 17, 2015 plaintiff sent a letter certified and first-class mail, to the defendants (See exhibit a) to notify them of the unfair and deceptive practices regarding the credit reporting practices of the defendant.
16. Additionally, the defendant assigned the account to three collection agencies, IC Systems, United Recovery Service and CBCS, in spite of the fact that the only balance was due to the defendant's confusion.
17. The defendant then reported plaintiff's account to the 3 national credit reporting bureaus.
18. The defendant had assigned plaintiffs account, which should have been reflected as paid in full, to the collection agencies.
19. Plaintiff complained several times to defendant regarding their reporting a balance to the credit reporting agencies because it was reported as delinquent and overdue on his credit report.
20. Defendant, several times, flatly refused to correct plaintiff's credit report in spite of plaintiffs many complaints and the discrepancy of defendant showing a balance due and owing from the plaintiff.
21. Defendant has continued to reflect a balance due from the plaintiff, although the plaintiff owes no balance.
22. They defendant reported on the plaintiff's credit report that there was a balance due and reported the account as derogatory which prevented the plaintiff from obtaining credit.
23. Plaintiff, on several occasions, reported to the defendant that the item did not belong on plaintiff's consumer credit report.
24. There is no indication that defendant performed an investigation more thorough than the cursory investigation that is required by the FRCA
25. The evidence suggests that defendant discounted this dispute because it

03/29/18 07:29:43 (925) 659-0192 -> AT&T/USAA Page 008
03/28/18 07:28:05 (925) 659-0192 -> AT&T/USAA Page 008
LSAA032718S990044863CC135

believed that plaintiff's credit report was correct.

26. Defendant's investigation and response to the plaintiff was inconsistent with the requirements of 15 U.S.C. § 1681s-2(b)(1)."

27. Thus, defendant Failed to Follow Reasonable Procedures in Violation of 15 U.S.C. § 1681e(b), and the inaccurate information was included in the plaintiff's consumer's credit report.

28. The Inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy.

29. Because of the defendant's above cited behavior, that plaintiff suffered injury.

30. The plaintiff's injury was caused by the Inclusion of the inaccurate entry.

## COUNT ONE
## BROWN V. USAA
## BREACH OF CONTACT

31. The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

32. On or about November 25, 2011, the plaintiff entered into a contract with agents, servants and/or employees of the defendant, to provide a credit card to the plaintiff.

33. The plaintiff fully performed his duties and responsibilities under the contract.

34. The defendant breached the contract by engaging in the civil wrongs and tortious behavior reflected in the paragraphs above.

WHEREFORE the Plaintiff Donald Brown demands judgment against Defendant in an amount that will fairly and adequately compensate him for his damages, plus interest and costs.

## COUNT TWO
## BROWN V. USAA
## BREACH OF CONTACT

35. The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above

36. On or about November 25, 2011, the plaintiff entered into a contract with the defendant's agents, servants and/or employees.

37. The plaintiff fully performed his duties and responsibilities under the contract.

38. The defendant violated the covenant of good faith and fair dealing inherent in every contract by engaging in the civil wrongs and tortious behavior reflected in the paragraphs of general facts, above.

03/29/18  07:30:43  (925) 659-0192   ->        AT&T/USAA           Page 009
03/28/18  07:29:14  (925) 659-0192   ->        AT&T/USAA           Page 009
LSAA032718S990044864CC136

39. As a direct and approximate result of the defendant's breach of the contract, the plaintiff has suffered damages.

WHEREFORE the Plaintiff Donald Brown demands judgment against Defendant in an amount that will fairly and adequately compensate him for his damages, plus interest and costs.

## COUNT THREE
## BROWN V. USAA
## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION ACT
## (15. S.C.S. sec. 1692)

40. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

41. Defendant has continuously dunned the plaintiff regarding an alleged overdue balance onm his credit card account.

43. Such harassment as committed by defendant's agents, servants or employees, acting on behalf of the defendant as alleged in the paragraphs above, are in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C.S. sec 1692.

WHEREFORE, plaintiff demands judgment against the defendant in an amount that fairly and adequately compensates him for his damages.

## COUNT FOUR
## BROWN V. USAA
## VIOLATION OF THE MASSACHUSETTS FAIR DEBT COLLECTION ACT

44. Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

45. Defendant continuously dunned the plaintiff regarding an alleged overdue balance.

46. Such harassment as committed by defendant's ages, servants or employees, acting on behalf of the defendant as alleged in the paragraphs above, are in violation of the Massachusetts Fair Debt Collection Practices Act.

WHEREFORE, plaintiff demands judgment against the defendant in an amount that fairly and adequately compensates him for his damages.

## COUNT FIVE
## BROWN V. USAA
## VIOLATION OF FEDERAL FAIR

03/29/18 07:31:34 (925) 659-0192 -> AT&T/USAA Page 010
03/28/18 07:30:08 (925) 659-0192 -> AT&T/USAA Page 010
LSAA032718G990044965CC137

### CREDIT REPORTING ACT

48. Plaintiff Donald Brown repeats and re-avers the allegations set forth in the paragraphs above as if expressly rewritten and set forth herein.

49. Defendant's actions in failing to remove references to the plaintiff's alleged delinquent account from the three national credit reporting agencies represents a gross violation of the Federal Fair Credit Reporting Act.

50. Defendant also knew or should have known that the plaintiff had raised his concerns that by not removing the alleged debt from the three national credit reporting agencies would cause great harm to the plaintiff.

WHEREFORE, plaintiff demands judgment against the defendant in an amount that fairly and adequately compensates him for his damages.

### COUNT SIX
### BROWN V. USAA
### VIOLATION OF MASSACHUSETTS
### CONSUMER PROTECTION ACT

51. The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

52. At all times relevant hereto, Defendant was engaged in trade or commerce within the meaning of Massachusetts statutes.

53. At all times relevant hereto, Plaintiff was also engaged as a consumer within the meaning of Massachusetts statutes.

54. As both parties at all times relevant hereto, were engaged in trade or commerce within the meaning of Massachusetts statutes, this is a consumer transaction covered under the Massachusetts Consumer Protection Act.

55. Defendant's behavior represents unconscionable behavior, behavior which shocks the conscience and are considered unfair and deceptive business practices. It is settled law in Massachusetts and Nation-wide that unfair and deceptive business practices bring with it higher levels of punishment.

56. The defendant has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers, like the plaintiff, from the wrongful behaviors complained of above.

57. As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant, the plaintiff has suffered damages.

Case 1:18-cv-10727-RGS   Document 1-1   Filed 04/16/18   Page 8 of 8

03/29/18  07:32:29  (925) 659-0192      ->           AT&T/USAA           Page 011
03/28/18  07:31:07  (925) 659-0192      ->           AT&T/USAA           Page 011
LSAA03271889900448860C138

WHEREFORE the Plaintiff Donald Brown demands judgment against Defendant in an amount that will fairly and adequately compensate him for his damages, plus interest and costs.

WHEREFORE, the Plaintiff requests that this Court Enter a Judgment for Plaintiff against the defendant Sunrise in the following manner:

(A) That the defendant breached the contract between the parties, and award the plaintiff be awarded $5000.00 for that breach;
(B) That the defendant breached the contractual covenant of Good Faith and fair dealing inherent in every contract;
(C) That the defendant violated the Federal Fair Debt Collection Act and plaintiff be awarded $5000.00 for those violations;
(D) That the defendant violated the Massachusetts Fair Debt Collection Act and plaintiff be awarded $5000.00 for those violations;
(E) That the defendant violated the Federal Fair Credit Reporting Act and plaintiff be awarded $5000.00 for those violations.
(F) That the plaintiff be awarded triple damages pursuant to Chapter 93A, the Massachusetts Consumer Protection Act.
(G) That this Court grant such other relief as it deems appropriate given the circumstances

PLAINTIFF HEREBY REQUESTS
A JURY TRIAL

Donald L. Brown
Pro Se
95 University Ave, Apt 2131
Westwood, MA 02080
781 708 9654
donaldloringbrown@gmail.com

March 14, 2018